*96 MEMORANDUM BY THE COURT
The sum in dispute in this suit was deposited in'the Treasury of the United States pursuant to the 112th Article of War (39 Stat. 668). The said Article of War reads as follows:
“Art. 112. Erbects oe deceased persons — Disposition oe. — In case of the death of any person subject to military law, the commanding officer of the place or command will permit the legal representative or widow of the deceased, if present, to take possession of all his effects then in camp or quarters, and if no legal representative or widow be present, the commanding officer shall direct a summary court to secure all such effects; and said summary court shall have authority to convert such effects into cash, by public or private sale, not earlier than thirty days after the death of the deceased, and to collect and receive any debts due decedent’s estate by local debtors; and as soon as practicable after converting such effects into cash said summary court shall deposit with the proper officer to be designated in regulations, .any cash belonging to decedent’s estate, and shall transmit a receipt for such deposit, accompanied by any will or other papers of value belonging to the deceased, an inventory of the effects secured by said summary court, and a full account of his transactions to the War Department for transmission to the Auditor for the War Department for action as authorized by law in the settlement of the accounts of deceased officers or enlisted men of the Army; but if in the meantime the legal representative, or widow, shall present himself or herself to take possession of decedent’s estate the said summary- court shall turn over to him or her all effects not sold and cash belonging to said estate, together with an inventory and account, and make to the War Department a full report of his transactions.”
- The only excuse for not paying to the plaintiff the amount of money admittedly due to her deceased husband is that the. said husband,, an officer of the Army of the United States, was guilty of fraudulent transactions in connection with his conduct of military affairs, resulting in a loss to the Government which is in excess of the amount of arrears of pay, etc., due the officer’s estate.
*97 Apart from the filing of certain ex parte reports, in which vague charges are made against the officer, the United States has not attempted .to show that Captain Sturgeon was guilty of any fraud or misconduct against the Government which has resulted in the loss of any money by it. No evidence of any sort has been taken to substantiate the charge made by the Auditor for the War Department. The report of the Judge Advocate General of the Army states that there is no shortage in this officer’s money or property .accounts.
We can not infer fraud upon the allegations contained in reports, which reports themselves are largely made up from hearsay evidence. Nor is there anything even in these reports which attaches any fraud to the acquisition of the money here in question.
We think there can be no question that the plaintiff is entitled to a judgment.